SCHROEDER, PLAINTIFF AND APPELLEE, *v.* SUCCESSION OF COLLAZO
MUÑIZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of
Intervention.

No. 1771.—Decided November 12, 1918.

INTERVENTION—APPEAL—JURISDICTION.—A period of ten days is allowed within
which to appeal from judgments rendered by district courts in actions of
intervention to establish the ownership of real or personal property. There-
fore, the action from which this appeal is taken being an action of inter-
vention and the notice of appeal having been filed more than ten days after
notice of the judgment, this court has no jurisdiction to review the same.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellants.

*Mr. Gustavo Rodríguez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the hearing before us on this case a motion by the
appellee for dismissal of the appeal without considering its
merits was also argued. Therefore we shall rule on this motion
first, for if it is sustained the other questions involved in the
appeal need not be considered.

Julia Schroeder filed a complaint of intervention in owner-
ship in the District Court of Ponce against the brothers Justo
and Rafael Rivera Esbrí and the Succession of Brígida Co-
llazo, alleging that in an action of debt brought by the said
succession against the said brothers the former obtained the
attachment of a mortgage credit purporting to belong to the
conjugal partnership composed of the intervenor and her
husband, Justo Rivera Esbrí, but which belonged to her
separately because it proceeded from money which she re-
ceived from her father as a marriage portion, and prayed
the court so to adjudge and to order the dissolution of the
said attachment.

The Succession of Collazo filed a notice of this appeal
more than ten days after notice of the judgment rendered in
this action. The motion for dismissal of the appeal is based

on the allegation that according to section 19 of the act of 1907 relating to the trial of title to property, as amended in 1908, the Succession of Collazo should have appealed within ten days after having been notified of the judgment.

Although the procedure in actions of intervention in ownership of real property does not differ from that in actions brought under the Code of Civil Procedure, in which the judgments may be appealed from within thirty days, nevertheless, as it was the intent of the legislature that in actions brought by third persons claiming the ownership of real or personal property under attachment or execution in other actions should be governed by the said act of 1907, as amended in 1908, and this act allows ten days for appealing from the judgments rendered in such actions, we must hold that the present action upon which this appeal is based being clearly one of intervention within the meaning of the law, the party aggrieved by the judgment should have appealed within the ten days prescribed by section 19 of the said act, and having done so after the expiration of that period, we have no jurisdiction of the appeal and therefore it should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.